ELEANOR DOUGHERTY, *et al. vs.* ISAAC MONETT'S LESSEE.
*December*, 1833.

A devise in 1796, that "my son F shall have all the land I have any right, title, or claim to, either by law or equity, except the house and lot, and two acres adjoining," which the testator, by a previous clause in his will, had devised in fee to his six daughters—only passes a life estate to F.

APPEAL from *Calvert County Court.*

The appellee, who is one of the heirs at law of *Francis Williams* the testator, brought the present *Ejectment* against

the appellants, who claim under *Francis Williams*, the devisee, on the 6th of October, 1828. The will which was executed in May, and proved in June, 1796, contained the following clauses.

"Item, I give, and bequeath to my six daughters, (naming them) the house and lot I now keep tavern in, and two acres of land, the most convenient, adjoining the aforesaid house and lot, to them, and their heirs forever."

"Item, my will and desire is, that my son *Francis Williams*, shall have all the land I have any right, title, or claim to, either by law or equity, except the house and lot, and two acres adjoining, I have heretofore given my six daughers."

The prayer of the appellant for an instruction to the jury, that *Francis Williams* the devisee, took an estate in fee under this devise, and that the verdict must be for the the defendants, was refused by the court, [Kilgour, and Wilkinson, A. J. sitting] and the verdict and judgment being for the plaintiff, they appealed to this court.

The cause was argued before Buchanan, Ch. J., and Stephen, Archer, and Dorsey, J.

*Gill* for the appellants, contended, that the devise carried the fee to *Francis Williams*.

The testator evidently intended to dispose of his whole estate, and the word *land* as used in this will, is equivalent to the word *estate*. If the intention is apparent, express words of limitation need not be used. *Beall vs. Holmes*, 6 *Harr. and Johns*. 207, 209.

No counsel argued for the appellee.

Buchanan, Ch. J., delivered the opinion of the court.

This case turns upon the construction of a clause in the will of *Francis Williams*, made on the 21st of May, 1796, which is in these words. "Item, my will and desire *is*,

that my son *Francis Williams* shall have all the lands I have any right, title, or claim to, either by law or equity, except the house and lot, and two acres adjoining, I have heretofore given my six daughters and *Elizabeth Robbins.*"

The house and lot, and two acres adjoining, were devised to his six daughters in fee simple; and the question presented, is shortly this; whether *Francis Williams* took an estate in fee simple, or for life only, in the lands devised to him.

The rule, "that express words of limitation, or words tantamount, are necessary in a devise to pass an estate of inheritance," is too well settled to be now drawn in question. The argument offered in support of the pretension of the appellants, (who claim under *Francis Williams* the devisee) that he took an estate in fee simple, is drawn from the supposed intention of the testator; which it is said, is to be collected from the circumstance, that the preceding devise of the house and lot, and two acres adjoining, to his six daughters is in fee simple, and that the devise to *Francis,* is of all his lands, except what is devised to his six daughters. But if the devise of the house and lot, and two acres adjoining, to his six daughters, "and their heirs forever," prove any thing, it is directly the reverse of what is supposed; since it shows, that when the testator intended to give a fee, he knew what words were necessary to create one.

It is true, that in the construction of a will, the intention expressed by the testator to be collected from the whole instrument, if consistent with the rules of law, and there be apt words used to effectuate that intention, shall prevail. The word *heirs* need not be used, to create an estate in fee, nor any technical terms, or any particular form of words; but any words, sufficiently showing the intention of the testator to dispose of his whole interest in the thing devised, will have the same effect, as a devise to one *in fee simple, or forever*; or any other words having the same import.

But no such words are to be found in this will; and if it was the intention of the testator to have given an estate in fee simple, to the devisee *Francis Williams,* as it probably was, (and perhaps commonly is, in general devises without words of limitation) he has not used apt words in the devise to him, to effectuate that intention.   There are not only no express words of limitation in that devise, but none that sufficiently show the intention of the testator, to give to the devisee the whole of his interest in the land devised.   It is the common case, of a general devise of land, without any words of limitation, and cannot be aided by the preceding devise in fee, of another portion of the testator's estate to his six daughters, and is not so strong a case as that of *Beall vs. Holmes,* 6 *Harr. and Johns.* 205, decided by this court, in which the whole doctrine is gone into, and the authorities fully examined.   In that case, there were introductory words to the will, showing the intention of the testator to have been, to dispose of the whole of his estate; but the devise itself was a naked, general, devise of a tract of land, with no words of limitation, or other words added, which was held not to be aided by the introductory clause.

To this will there is no such introductory clause; and no argument can be drawn (nor has it been attempted) from the words, "I have any right, title, or claim to, either by law or equity."

The devise is not, of all the testator's right, title, or claim, to the lands, but of *all the lands* to which he had any right, title, or claim.   The latter words being used, as descriptive of the thing intended to be given, and not as denoting, the *quantum* of the testator's interest in the lands devised; and mean no more, and can have no other effect, than if he had said *all my lands.*

We concur therefore in opinion with the county court.

                              JUDGMENT AFFIRMED.