# RICHARDSON *v.* PENICKS.

WILLS ; REMAINDERS ; TESTAMENTARY INTENT ; INFANTS' REAL ESTATE ; CREDITORS' BILL.

1. A testator devised a house and lot to his mother, "to have and to hold during her natural life, and after her death to my son, upon his attaining his majority." The will further provided, that in event of the testator's mother dying before his son attained his majority, a sister of the testator should enjoy the rents, issues and profits during the minority of the son ; and in event of the mother surviving the son, the property was devised to the sister, upon the mother's death. The residue of the estate, real and personal, was devised to the testator's mother, "in fee simple : " *Held*, That taking the will as a whole, and it appearing that it was the intention of the testator to leave no part of his estate undisposed of, the son took a vested remainder in the house and lot, in fee simple, postponed in enjoyment until his majority, and subject to defeasance by his death before the death of the testator's mother, in which event it would pass to the sister.

2. A bill in equity against the heir at law of a deceased infant, is maintainable to charge the infant's estate with an indebtedness due for his support and education, when there was no guardianship of the infant during his lifetime ; *construing*, R. S. D. C., Sec. 28.

3. A court of equity has jurisdiction to subject the real estate of a deceased debtor to the payment of his simple contract debts, when there are no personal assets sufficient for that purpose.

No. 46. Submitted June 2, 1893.—Decided November 6, 1893.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia, holding an equity term, sustaining a demurrer to a bill to subject the estate of a deceased infant to the payment of an indebtedness due for his maintenance and education. *Reversed.*

THE COURT in its opinion stated the case as follows :

Appellant, Harriet Richardson, filed this bill in the court below to establish a claim for $2,540.10 against the estate of George R. Lawrie, deceased, and to procure the sale of a certain lot in the city of Washington in satisfaction thereof.

* It is alleged that complainant is the grandmother of said George R. Lawrie, who died intestate and without issue January 15, 1891, at the age of eighteen years; and that defendant, Sarah J. Penicks, is his sole heir at law.

The lot is described in the bill as part of lot 2, in square 450, and is the same lot described in the will of John W. Lawrie, wherein it is alleged to have been devised to the said George R. Lawrie, who was his son.

The bill further alleges, that John W. Lawrie died in January, 1879, when his son, George R. Lawrie, was only six years of age; that neither the minor, nor his mother, who was complainant's daughter, had any estate whatever; and that complainant was compelled to support and maintain him until his death, and to pay the expenses of his last illness and burial. It is further alleged that Jane Lawrie, the mother of testator, and life tenant under the devise in the will, died several months before the death of the said George R. Lawrie.

It is also alleged, that said George R. Lawrie had no other estate save the lot described in the bill, and was not indebted to any other person than complainant, for the reason that she had provided him with all things necessary to his support and education, and had paid all of his bills.

The case turns upon the construction of the two items of the will, which read as follows:

1. "I give, devise and bequeath to my dear mother, Jane Lawrie, as a slight compensation for her many acts of kindness to me, and for the maternal love she has always evinced for me [here follows a description of the lot in controversy]; to have and to hold *during her natural life, and after her death to my son*, George R. Lawrie, *upon his attaining his majority*. In the event that my mother, the said Jane Lawrie, should die before my said son, George R. Lawrie, should arrive at the age of twenty-one years, then it is my will that my sister, Sarah Janette Penicks, the wife of Thomas B. Penicks, shall enjoy the rents, issues and profits of the said house and lot until my said son shall arrive at the said

age of twenty-one years, and shall not be required to account for the same; and it is my will that in the event that my son, George R. Lawrie, shall die before my mother, Jane Lawrie, then in that event I devise and bequeath the said house and lot to my said sister, Sarah Janette Penicks, upon the death of my mother."

2. "All the rest and residue of my estate, both real, personal and mixed, I give, devise and bequeath to my mother, to be disposed of by her as she may elect, the real estate consisting of lots 30 and 31, in the recorded subdivision of part of original lot numbered lot 2, in square 450, I give and devise to her in fee simple."

Defendant's demurrer to the bill was sustained, and from the decree of dismissal this appeal has been taken.

*Mr. W. L. Cole* for the appellant:

1. George R. Lawrie took under the will of his father a vested remainder, the enjoyment of the estate being postponed until his majority. *Poor* v. *Considine*, 6 Wall., 458; *Cropley* v. *Cooper*, 19 Wall., 167; *McArthur* v. *Scott*, 113 U. S., 379; *Thaw* v. *Ritchie*, 5 Mackey, 200, affirmed in 136 U. S., 519; *Meyer* v. *Adler*, 6 Mackey, 515.

2. His remainder was in fee simple and not for life. There were no words of inheritance, but such words are not indispensable to pass a fee. The intention of the testator prevails. *Chamberlin* v. *Owens*, 30 Md., 447; *Urich* v. *Merkie*, 81 Pa. St., 332; *White* v. *Crenshaw*, 5 Mackey, 118; *French* v. *Campbell*, 2 Mackey, 321.

3. A creditor may in equity subject the real estate of his deceased debtor to the payment of a simple contract debt, where the personal estate of the decedent is insufficient. *Tyson* v. *Hollingsworth*, 1 H. & J., 469; *Wyse* v. *Smith*, 4 G. & J., 295; *Gibson* v. *McCormick*, 10 G. & J., 65. It can make no difference that the debtor was, as in this case, a minor, except that the debt alleged must be such as an infant may be liable for. The indebtedness alleged in the bill in this case is of such a character. *Thaw* v. *Ritchie, supra.*

*Mr. L. Cabell Williamson* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

1. The first question is, What estate did Geo. R. Lawrie take by the terms of this devise? Was it a vested or a contingent remainder?

"A vested remainder is where a present interest passes to a certain and definite person, but to be enjoyed *in futuro*. There must be a particular estate to support it. The remainder must pass out of the grantor at the creation of the particular estate. It must vest in the grantee during the continuance of the estate, *eo instanti* that it determines."

"A contingent remainder is where the estate in remainder is limited either to a dubious or uncertain person, or upon the happening of a dubious and uncertain event." *Poor* v. *Considine*, 6 Wall., 458.

It is also laid down in this case as established rules of construction, (1) that "the law will not construe a limitation in a will into an executory devise when it can take effect as a remainder, nor a remainder to be contingent when it can be taken to be vested." (2) That "adverbs of time, as *where, there, after, from,* etc., in a devise of a remainder, are construed to relate merely to the time of the enjoyment of the estate, and not the time of the vesting in interest." (3) That "estates shall be held to vest at the earliest possible period, unless there be a clear manifestation of the intention of the testator to the contrary." See also *McArthur* v. *Scott*, 113 U. S., 378.

Examining the will in the light of these well-established rules, we cannot find that the testator intended that no interest should vest in his son, George R. Lawrie, unless he should live to become twenty-one years of age. Failing to find a clear manifestation of this intent, we must hold that it was the enjoyment, only, of the devised estate which depended upon this contingency.

The use of the words, "after her death," and "upon his attaining his majority," cannot be held to change this from

a vested into a contingent remainder without violating one of the rules above recited. His mother, and his son, George R. Lawrie, presumably his only child, were the principal objects of the testator's bounty.

The fact that he made no provision for the support and education of the child during his minority may have proceeded from an implicit confidence that his mother, who had the revenues of his entire estate, would discharge this obligation; or it may be attributed to a want of skill in the testator or the draughtsman of the will. Certainly, however, it does not tend to show that it was the intention of the testator to limit the commencement of any interest in him whatever to his arrival at majority. The will is inartificial and vague and uncertain in its meaning.

Another established rule in the interpretation of wills is, that where the intent in any item is not clear, or is of doubtful ascertainment, considered by itself, the will as a whole will be looked to in order to arrive at the true intent of the testator.

To hold that George R. Lawrie took a vested remainder in the house and lot in controversy after the life estate of testator's mother, to come into enjoyment upon arrival at majority, and subject to defeasance by his death before hers, in which event it would pass to Sarah J. Penicks, is more in accordance with the general intention of the testator, as it appears to us from the whole will, than any other conclusion to which we have been urged.

We think it reasonably clear that the testator did not intend to die intestate as to any part of his estate. In the second item quoted above it will be observed that he devises and bequeaths all the residue of his estate to his mother, and specially describes the only remaining part of his real estate, which he gives to his mother also in fee simple.

Evidently, he must have supposed that the lot in controversy had been already devised in its entirety. If the contention of appellee be correct, then by the death of George R. Lawrie before attaining his majority, there was complete

intestacy as to the reversion after the determination of the life estate. This view we have already pronounced untenable.

2. Was this remainder to George R. Lawrie for life only or in fee?

In the creation of the life estate in Jane Lawrie, the testator uses the apt words usual therefor, viz., " to have and to hold during her natural life." And again in the devise of the remaining real estate to her, contained in the second item, he uses the technical words, " in fee simple," as if in contradistinction. In the creation of the remainders, however, by item one, in George R. Lawrie and Sarah J. Penicks, he uses no technical words of inheritance or description of the estates devised.

Taking the whole will together, and with special reference to the intention of the testator, heretofore mentioned, that no part of his estate should remain undisposed of by the will, we conclude that George R. Lawrie took a vested remainder in fee, subject to the condition with respect to enjoyment and defeasance stated heretofore.

It is unquestioned that by the law of this District, a simple devise of land, without any indication of the extent of the interest devised, creates a life estate only. *White* v. *Crenshaw*, 5 Mackey, 113. But it is also true as said by the Court of Appeals of Maryland, that " the word heirs need not be used to create an estate in fee, nor any technical term, nor any particular form of words; but any words sufficiently showing the intention of the testator to dispose of his whole interest in the thing devised, will have the same effect as a devise to one in fee simple, or forever, or any other words having the same import." *Dougherty* v. *Monett's Lessee*, 5 G. & J., 461. This language was quoted with approval in *Chamberlain* v. *Owings*, 30 Md., 454. In this case, also, the will was inartificially drawn, and the court, looking to it as a whole for the meaning of the testator, considering the objects of his bounty and his apparent intention to make a complete disposition of his estate, concluded that the omis-

sion to use technical words of inheritance was to be attributed to the want of skill of the testator, or the draughtsman of the will, rather than to an intention to give but a life estate to the devisee.

If we should be in error, however, in holding that the remainder in this land vested in George R. Lawrie in fee, instead of for life only, the error would be immaterial; it could not alter the general conclusion, or affect the final decree which must be passed. For if he took an estate for life only, then there was, as we have seen, intestacy as to the reversion which remained in John W. Lawrie until his decease, and then passed to George R. Lawrie by descent, as the sole heir at law.

3. After what has been said, it still remains to be considered whether the claim as set out in the bill is one that can be asserted against the estate of the deceased, George R. Lawrie, through this proceeding.

It was contended on the argument by counsel for the appellee, first, that the mode and manner of collecting debts due by minors is exclusively provided for in Chapter 28, Revised Statutes, District of Columbia, relating to guardian and ward; and, second, that it was complainant's duty to first establish her debt by proceeding at law.

In answer to this it may be said: (1) This act seems to relate only to the mode and manner of guardianship of minors and the sale of their lands where the estate is under administration in accordance with its provisions; and there never was any guardianship of this minor. (2) The jurisdiction of equity to subject the real estate of a deceased debtor to the payment of his debts where there are no personal assets sufficient for that purpose is well established. *Wyse* v. *Smith*, 4 G. & J., 295.

The bill expressly alleges that the only property or estate of any kind owned by the minor, George R. Lawrie, at the time of his decease was the real estate, the sale of which is prayed therein. This was necessary and sufficient to give jurisdiction in equity.

For the reasons given, we are of opinion that the court below erred in sustaining the demurrer to complainant's bill. Wherefore its decree must be reversed, with costs to the appellant, and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*